FELICIA DUGAS, Wife, et als. *v.* ALPHONSE J. GILBEAU.

A married woman who is a minor, when duly assisted and authorized by her husband, as also any minor, who is duly represented by his tutor, is competent to stand in judgment in an action against the admimistrator of a succession, to set aside as absolutely null and void, the adjudication of property to himself while acting in the double capacity of auctioneer and administrator.

Curators, administrators, &c., are expressly prohibited from purchasing, directly or indirectly, property administered by them.

The only exception to the prohibition is the one in favor of the surviving partner in community, or ordinary partnership, or an heir or legatee of the deceased.

APPEAL from the District Court of the Parish of St. Martin, *Simon*, J. *Simon & Gary*, for plaintiffs. *Deblanc & Fusilier*, for defendant and appellant.

DUFFEL, J. The present action is instituted for the purpose of setting aside, as absolutely null and void, the adjudication of certain landed property, slaves and movables, made to himself by the defendant, who acted in the double capacity of auctioneer and administrator.

It is objected by the defendant that the plaintiffs cannot stand in judgment for the revendication and partition of the property in controversy, because they are both minors; and as to the merits, the defendant contends that, his wife being an heir, it was competent for him to become a purchaser, as head of the community, in as much as she herself could buy at such a sale, for account of the community.

The District Judge decreed the nullity of the adjudication, and ordered the re-sale, according to law, of the same property; the defendant appealed.

The main object of this suit is for the revendication of the property held by the defendant under the adjudication complained of, and, as a sequence, the re-sale of the same, under the original proceedings provoked by the defendant himself.

The wife being duly assisted and authorized by her husband, and the other minor duly represented by his tutor, the action was properly instituted. C. P. Arts. 106, 107, 108. The Article 1235 of the Civil Code is an exception to the general rule and has no application to the case at bar.

Curators, administrators, &c., are expressly prohibited from purchasing, directly or indirectly, property administered by them, under pain of nullity. C. C. 1139, 1042, 1784; *Balwin's Ex'r.* v. *Carleton*, 15 L. 397; *Neda* v. *Fontenot*, 2 An. 782; *Michoud* v. *Girod Curtis*, 16 p. 193. The only exception to this prohibition is the one in favor of the "*surviving partner in community, or ordinary partnership, or an heir or legatee of the deceased.*" Acts of 1855, p. 79, § 8. And as the defendant is not within the exception, he was incapacitated. The opinion which we entertain on this point, dispenses us from expressing any opinion as to the incapacity of an auctioneer, *in any case*, to become a purchaser.

Judgment affirmed.